AO 106 (Rev. 04/10) Application for a Search Warrant

AUSA Geraghty

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

VERIZON WIRELESS
180 WASHINGTON VALLEY ROAD
BEDMINSTER, NJ 07921

)
)
)
)
)
)

Case No. 2:20-mj-11

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A to the Affidavit in Support of the Application, incorporated herein by reference.

located in the _____ District of _____ New Jersey _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B to the Affidavit in Support of the Application, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §371 | Conspiracy |
| 18 U.S.C. §922(a)(1)(A) | Dealing in firearms without a license |
| 18 U.S.C. §922(g)(1) | Felon in possession of a firearm |

The application is based on these facts:

See Affidavit in Support of the Application, incorporated herein by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Colin J. Ginley, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___01/09/2020___

_____
*Judge's signature*

City and state: Columbus, Ohio

Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AUTHORIZATION TO OBTAIN
LOCATION DATA CONCERNING
CELLULAR TELEPHONE ASSIGNED
CALL NUMBER (937) 901-3980, UTILIZED
BY ALBERT BRADFORD, WITH
SERVICES PROVIDED BY CELLCO
PARTNERSHIP DBA VERIZON
WIRELESS, A WIRELESS TELEPHONE
SERVICE PROVIDER HEADQUARTERED
AT 180 WASHINGTON VALLEY ROAD,
BEDMINSTER, NJ 07921

**AFFIDAVIT IN SUPPORT OF AN**
**APPLICATION FOR A SEARCH WARRANT**

I, Colin Ginley, Special Agent, ATF, being duly sworn, depose and say that I am one of the

Lead Investigators in this investigation. I have consulted with the other Lead Investigators

regarding this investigation and have probable cause to believe the following is true, based on the

investigation to date:

**INTRODUCTION**

1.    I submit this affidavit in support of an application for a warrant pursuant to Federal

Rule of Criminal Procedure 41 and 18 U.S.C. 2703(c)(1)(A), for information associated with a

certain cellular telephone assigned call number **(937) 901-3980** utilized by **Albert BRADFORD**

(hereafter referred to as the **TARGET CELLPHONE**), with services provided by Cellco

Partnership DBA Verizon Wireless,  a wireless telephone service provider headquartered at 180

Washington Valley Road, Bedminster, New Jersey 07921. The information to be searched, which

is described in the following paragraphs and in Attachment A, includes but is not limited to E-911

1

Phase II data (or other precise location information) concerning the **TARGET CELLPHONE** (the "Requested Information"), for a period of thirty (30) days. The affiant is also seeking historical subscriber, toll and tower information for the **TARGET CELLPHONE** covering the entire investigative period. The **TARGET CELLPHONE** is described herein and in Attachment A, and the information to be seized is described herein and in Attachment B.

2.     I am a Special Agent with the Bureau of Alcohol Tobacco and Firearms. I have been employed so employed since May 14, 2018. Therefore, I am a law enforcement officer as defined in 18 U.S.C. §2510(7). I am presently assigned to the ATF Columbus Field Division. My responsibilities as a Special Agent include the investigation of violent criminal street gangs, illegal firearms traffickers, narcotics traffickers, money launders, and firearm related crimes. I have participated in the execution of search warrants and arrests related to the above-referenced offenses. Further, I have conducted investigations utilizing cellular telephone data, including but not limited to precision locates, cell-site activation information as well as reviewing call detail information.

3.     I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other agents of the ATF and other law enforcement agencies; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another special agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Since this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the

investigation. Probable cause exists to believe the Requested Information will constitute or lead to evidence of offenses involving Title 18, United States Code, Section 371, Conspiracy; and Section 922(a)(1)(A), Dealing in Firearms Without a License, Title 18, United States Code, Section 922(g)(1) felon in possession of a firearm (the "**TARGET OFFENSES**"), as well as the identification of individuals who are engaged in the commission of these offenses. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, will lead to the identification of individuals who are engaged in the commission of these offenses and assist law enforcement in locating **Albert BRADFORD** (hereinafter **BRADFORD**) for the purposes of furthering the investigation.

4.      For the reasons set out in this affidavit, there is probable cause to believe that the **TARGET OFFENSES** have been committed, are being committed, by **BROWN**, **BRADFORD**, and **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284** and others unknown and known at this time.. Further, there is probable cause to believe **BRADFORD** is using the **TARGET CELLPHONE** to commit the **TARGET OFFENSES**.

## FEDERAL FIREARMS REGULATIONS

5.  Pursuant to federal law and regulation, the Federal Firearms Licensee (FFL) is required to obtain and various ATF forms during firearms transactions between FFL and the individual. Pursuant to federal law and regulation, the FFL is required to obtain a completed ATF Form 4473 (the "Firearms Transaction Record") from the actual purchaser of a firearm before the FFL can transfer or sell a firearm to any unlicensed person. 18 U.S.C. § 923(g); 27 C.F.R. § 478.124. ATF Form 4473 gathers a host of information about the purchaser, including information to determine if the purchaser may lawfully possess a firearm. FFLs also may not

transfer a firearm to an unlicensed person without first conducting a background check through the National Instant Check System ("NICS"), and recording the information on the ATF Form 4473. 18 U.S.C. § 922(t); 27 C.F.R. § 478.102. The NICS process is run by the Federal Bureau of Investigation ("FBI") and provides the mechanism through which FFLs determine whether a particular purchaser is prohibited from possessing firearms. Providing false or misleading information to an FFL in connection with the acquisition of a firearm, e.g. lying on the ATF 4473, is violation of federal law, 18 U.S.C. § 922(a)(6). Pursuant to federal law and regulation, the FFL is required to complete/submit ATF Form 3310.4 for the transaction of Multiple Sales of handgun should an individual purchase 2 or more handguns within a 5 day period. FFL Failure to Report a Multiple Sale, is a violation of federal law, 18 U.S.C. Section 923 (g)(3)(A).

## BACKGROUND

6.    ATF Investigators have probable cause to believe that **BROWN**, as the sole responsible licensee of **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284**, and that **BRADFORD** has committed, and is committing the **TARGET OFFENSES** in collaboration with **BROWN, CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** and others. ATF Investigators recognize the many ways to purchase firearms including a common method which involves individuals purchasing firearms utilizing the online process of seeking/shopping a particular firearm online, whether it be ie; armslist, gunbroker, etc, (often known as e-commerce.) The individual purchasing the firearm from the particular listing FFL/Individual is then required to have it transferred from an FFL to an FFL of close proximity to complete the ATF Form 4473. The online firearms purchaser is able to choose an FFL of their choice which is most often primarily based on close

proximity to the purchaser and option FFL transfer fees that each FFL may decide upon. The purchaser would then select the FFL for the firearm to be transferred through, and coordinate with that particular FFL on a time to personally appear at the FFL to complete the ATF Form 4473 with that FFL.

7. ATF Investigators have probable cause to believe that, while being a FFL, **BROWN** is receiving incoming lawful online firearm transfers from FFL's to individuals in the Columbus, Ohio area and utilizing the information to record fictitious ATF Form 4473's. The circumstance involves an incoming lawful online firearm transfer occurring and then the lawful firearm purchaser choosing **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** to conduct the transfer (ATF Form 4473 completion to fully transfer the firearm to the purchaser). Unbeknownst to the lawful online firearm purchaser/transferee, **BROWN** and **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** then does not properly complete the ATF Form 4473 and in certain circumstances utilizes the lawful firearm purchaser's information to complete a fictitious ATF Form 4473. These fictitious ATF Form 4473 detail the sale of firearms that are not actually sold to the listed individuals. Investigators believe that **BROWN** and **BRADFORD** are then selling the firearms listed on the fictitious ATF Form 4473 to individuals who are not completing ATF Form 4473's.

8. Investigators know that this is often used as a technique to hide firearm purchases. Investigators received information from inspections conducted by ATF Industry Operations Investigators (IOI) into **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** which revealed that **BROWN** was the sole responsible party for **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL.** Furthermore, it was revealed that the licensee business address on file for **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** was

5551 Chatford Drive, Apt F, Columbus, Ohio 43232. Additionally, this address was on file from May 2015 (inception of the FFL licensee) to the approximate time period of August 2019. During an additional ATF IOI inspection in August 2019, it was revealed that **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** changed its business address to 415 E. Broad Street, Columbus, Ohio 43232. ATF IOI's received information from Paul Freedman of Columbus Commercial Zoning indicating that FFL's were no longer being permitted to conduct business under home occupation provisions of zoning code. ATF Investigators have conducted periodic surveillance of 415 E. Broad Street Columbus, Ohio, 43232 which has revealed the premises to be an apparent vacant store front structure, with no foot traffic or signage observed. Investigators observed a building directory listing Suite 111 as "CCF" with no other occupancy or establishment indication. Investigators received information from inspections conducted by ATF IOI's into **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** which revealed that **BROWN** claimed no firearm inventory for **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** and that the FFL business consisted of conducting business with friends, family and through e-commerce.

## FACTS ESTABLISHING PROBABLE CAUSE

9. ATF Investigators have probable cause to believe that **BROWN**, as the sole responsible licensee of **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284**, and **BRADFORD** has committed, and is committing the **TARGET OFFENSES** in collaboration with **BROWN, CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** and others. ATF Investigators have probable cause to believe that **BRADFORD** is assisting **BROWN** with the sale of firearms through **CAPITAL CITY FIREARMS &**

6

**SUPPLY LLC, FFL** by trafficking firearms to prohibited individuals, all while being a prohibited person himself. Several of the traced firearms have been recovered by law enforcement in Ohio, Michigan, Minnesota, and Canada in the possession of prohibited people. In several instances the recoveries have been involved with crimes such as gang related homicides, shootings in close proximity to schools, robberies, and narcotics trafficking based residential search warrants.

10. Beginning in December 2019 investigators became aware of an illegal firearms trafficking organization which involves **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284** and **BROWN**. As previously referenced, **BROWN** is listed as the responsible party, and sole responsible individual for **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284**.

11. On or about October 11, 2019, a joint investigation between ATF St. Paul Field Division and Minneapolis Police Department (MPD) occurred regarding an identified Somali gang member, Mustafa Warsame ALI, (DOB: 1/1/1994). ALI was shot and killed in the area of 23rd Ave. N and Aldrich Ave. N, Minneapolis, MN. (MPD Case # 19-308674). A Glock GMBH, Model 21, .45 caliber semi-automatic handgun, Serial#: XXL989, attributed to ALI was recovered from the scene.

12. On or about October 11, 2019, the Glock GMBH, Model 21, .45 caliber semi-automatic handgun, Serial#: XXL989 was queried by ATF Investigators under ATF Trace#: T20190364911 and the following timeline of the firearm is as follows;

    a. Ship-To-Date: December 20, 2016 - From the manufacturer (Glock) to the FFL (**CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284**).

b. Purchase Date: February 24, 2018 - From the FFL (**CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**) to the Purchaser of ATF Trace#: T20190364911. T20190364911 (herein referred to as Purchaser 1).

c. Recovery Date: October 11, 2019 - Recovered by MPD- ALI's homicide, MPD Case # 19-308674.

13. ATF Investigators queried the National Integrated Ballistic Information Network (NIBIN). NIBIN is a national database of digital images of spent bullets and cartridge cases that were found at crime scenes or test-fired from confiscated weapons. ATF manages the system and provides the equipment to crime labs around the county. NIBIN can be searched for possible matches—that is, other rounds or cases that have similar tool marks and thus may have been fired from the same gun. After a possible match, or "hit" is identified, the crime lab secures the actual spent round(s) or cases and compares them under a microscope to confirm the hit. Then, the lab sends information on the hit (a hit report) to investigators. ATF Investigators discovered that the recovered Glock was linked to the following two NIBIN incidents, each being a discharging of a firearm into a habitation;

a. May 12, 2017, Columbus Division of Police (CPD), Case # 17-0397468,

b. July 12, 2017, Columbus Division of Police (CPD), Case # 17-0595159.

14. According to ATF Trace records of the Glock firearm, the Glock firearm was in the inventory of the FFL during this period of the CPD NIBIN incidents that occurred during 2017. This triggered a further investigation into the originating FFL, **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284.**

15. An ATF IOI was able to view a prior inspection of **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL,** which contains various documents including but not limited to ATF Form 4473's (or lack thereof). The ATF IOI was able to locate an ATF Form 4473

8

in the name of Purchaser 1 detailing the sale/transfer of a Glock, Model 21, .45 caliber pistol, serial#: BRY2336 or BRYZ336, which occurred on February 24, 2018. Investigators observed the serial number handwritten with very poor penmanship so "BRY2336" or "BRYZ336" is an approximation.

16. ATF investigators reviewed the aforementioned ATF Form-4473. The ATF Form-4473 displays information for a Glock, Model 21, .45 caliber pistol to the same Purchaser 1, on the same date, from the same FFL, but with a different serial number.

17. On or about December 10, 2019, SA David Voth of the ATF St. Paul Field Division contacted **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**, and spoke to **David BROWN**. SA Voth requested a copy of the ATF Form-4473 for the Glock GMBH, Model 21, .45 caliber pistol, serial#: XXL989. (The aforementioned firearm recovered from the Minneapolis homicide scene involving ALI's homicide, MPD Case # 19-308674.)

18. On December 10, 2019, SA Voth received an email from **BROWN** at capcityfirearms1@gmail.com with the ATF Form-4473 in the name of Purchaser 1 detailing the sale/transfer of a Glock GMBH, Model 21, .45 caliber pistol, S/N: XXL989, on February 24, 2018.

19. On December 11, 2019, SA Voth reviewed copies of two (2) different ATF Form-4473s both in the name of Purchaser 1. Both ATF Form-4473s displayed the sale/transfer of a Glock firearm, same caliber (.45) and same model (21) but different serial numbers, for the same date of February 24, 2018, and from the same FFL, **CAPITAL CITY FIREARMS & SUPPLY LLC**. SA Voth reviewed both of the Form-4473's and it was discovered that both appear to have "Transferor's/Seller's Transaction Serial Number (if

9

any) # 42" in the upper right hand corner of the document. It was also revealed that both documents appear to have the National Instant Criminal Background Check System (NICS) Transaction number of: 100JLYH78. The NICS Transaction number is handwritten with very poor penmanship and "100JLYH78" is the best approximation. The NICS Transaction number appears to be the same, which is not possible, as these numbers are unique to each ATF Form 4473.

20. On December 12, 2019, SA Voth conducted a telephonic interview of Purchaser 1 regarding the above described firearm. Purchaser 1 informed SA Voth that he/she has never purchased a Glock firearm from **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**. Purchaser 1 stated he/she never purchased two Glock firearms and that he/she has never purchased a .45 caliber pistol from any FFL. Purchaser 1 stated he/she purchased one firearm from **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** through an online transfer and stated it was a Smith & Wesson, M&P Shield, 9mm pistol. Furthermore, Purchaser 1 stated he/she communicated with **BROWN** at (614) 270-9557.

21. ATF investigators reviewed documents and conducted inquiries into **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** and it was discovered that **CAPITAL CITY FIREARMS & SUPPLY LLC** never completed/submitted an ATF Form 3310.4 for the transaction of Multiple Sale of handgun regarding the above referenced firearm transactions.

22. On or about December 13, 2019, ATF St. Paul Field Division contacted the ATF Columbus Field Division regarding the criminal incident and information related to the Glock GMBH, model 21, .45 caliber semi-automatic pistol, serial#: XXL989 and the

Glock GMBH, model 21, .45 caliber semi-automatic pistol, serial#: "BRY2336" or "BRYZ336".

23.     On or about December 13, 2019, SA Ginley along and CPD Task Force Officer (TFO) Sam Chappell were able to review the above referenced ATF Form-4473's and come to the same conclusion/discrepancies as outlined above regarding **CAPITAL CITY FIREARMS & SUPPLY LLC.**

24.     On or about December 13, 2019, SA Ginley reviewed the Federal Licensing System, License Registration Report for **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284.** The report indicated an application type of Form 7, with active status, and an original issue date of May 14, 2015. The below listed individual was listed as the responsible party for **CAPITAL CITY FIREARMS & SUPPLY LLC:**

    a.     **David Larry BROWN,** Male/Black, DOB:1/7/1985,
    b.     HOME ADDRESS: 5551 Chatford Drive, Apt F, Columbus, Ohio 43232,
    c.     PH: (614) 270-9557, FAX: (614) 694-4550,
    d.     PREMISES ADDRESS: 415 East Broad Street, Suite 111, Columbus, Ohio 43215, e-mail: capcityfirearms1@gmail.com

25.     SA Ginley also confirmed information from Purchaser 1 that **BROWN** and **Capital City Firearms LLC, LLC FFL#:4-31-049-01-1F-05284** utilized a (614) 407-4942 phone number that is not answered and immediately forwards to the (614) 270-9557.

26.     On or about December 13, 2019, SA Ginley conducted a query of **Capital City Firearms LLC, LLC FFL#:4-31-049-01-1F-05284** which revealed the following;

    a.     ATF Trace Number: T20160149037, Request Date: 5/19/16, Time to Crime: 14 Days
    b.     ATF Trace Number: T20170136564, Request Date: 4/28/17, Time to Crime: 358 Days
    c.     ATF Trace Number: T20170237566, Request Date: 7/24/17, Time to Crime: 703 Days
    d.     ATF Trace Number: T20180388270, Request Date: 11/5/18, Time to Crime: 559 Days
    e.     ATF Trace Number: T20180405412, Request Date: 11/20/18, Time to Crime: 169 Days
    f.     ATF Trace Number: T201804088116, Request Date: 11/26/18, Time to Crime: 236 Days
    g.     ATF Trace Number: T20190186419, Request Date: 5/28/19, Time to Crime: 24 Days
    h.     ATF Trace Number: T20190229578, Request Date: 7/2/19, Time to Crime: 76 Days
    i.     ATF Trace Number: T20190236547, Request Date: 7/8/19, Time to Crime: 50 Days

11

j.      ATF Trace Number: T20190324610, Request Date: 9/12/19, Time to Crime: 13 Days
k.      ATF Trace Number: T20190331819, Request Date: 9/18/19, Time to Crime: 27 Days
l.      ATF Trace Number: T20190353097, Request Date: 10/6/19, Time to Crime: 2 Days
m.      ATF Trace Number: T20190363915, Request Date: 10/15/19, Time to Crime: 10 Days
n.      ATF Trace Number: T20190364911, Request Date: 10/15/19, Time to Crime: 594 Days
o.      ATF Trace Number: T20190377707, Request Date: 10/24/19, Time to Crime: 105 Days
p.      ATF Trace Number: T20190401692, Request Date: 11/12/19, Time to Crime: 41 Days
q.      ATF Trace Number: T20190403760, Request Date: 11/14/19, Time to Crime: 56 Days
r.      ATF Trace Number: T20190417241, Request Date: 11/23/19, Time to Crime: 78 Days
s.      ATF Trace Number: T20190421619, Request Date: 11/27/19, Time to Crime: 67 Days
t.      ATF Trace Number: T20190429295, Request Date: 12/5/19, Time to Crime: 160 Days

27.     SA Ginley reviewed the above multiple traces relevant to **Capital City Firearms & Supply LLC, FFL** which occurred between the approximate times of April 2016 to December 2019 and noted the multiple "short time to crime" firearms. The phrase "time-to-crime" refers to the period between the last documented retail transaction to the date it is recovered by law enforcement. Your affiant knows from training and experience that the above listed "time-to-crimes" consist of a short amount of time and that this is one of several indicators of firearm trafficking. Most individuals who purchase firearms retain them for extended periods up to years in length. Therefore, whenever a firearm is recovered in a criminal offense shortly after it was purchased it is highly likely that the firearm was diverted to the criminal possession in some sort of firearm trafficking scheme. Your affiant also knows from training and experience that the shorter the time-to-crime to the firearm recovery most often indicates a more direct involvement in the firearm trafficking scheme.

28.     As referenced in this affidavit, paragraph 26, SA Ginley conducted ATF Trace#: T20180405412 in relation to **Capital City Firearms LLC, LLC FFL#:4-31-049-01-1F-05284**, which resulted in a Taurus, model G2C, 9mm caliber pistol, serial #: TLN21147, time to crime: 169 days. Similar to the explanation above from paragraph 27, your affiant knows from training and experience that a 169 day time-to-crime period

12

is a short amount of time and an indicator of firearm trafficking. The following timeline of the Taurus, model G2C, 9mm caliber pistol, serial #: TLN21147 is as follows;

a. Ship-To-Date: March 19, 2018- From the Zanders Sporting Goods, FFL#:33717572) to FFL (**CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284**).

b. Purchase Date: June 6, 2018 - From the FFL (**CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**) to the Purchaser of ATF Trace#: T20180405412, (herein after referred to as Purchaser 2).

c. Recovery Date: November 18, 2019 - Recovered by Columbus Division of Police-CPD Rpt # 180968937, Possessor-Calvert ALEXANDER, (DOB: 3/8/1985).

29.     On or about December 16, 2019, SA Ginley and TFO Chappell conducted a recorded interview of the Purchaser 2 regarding the above described Taurus, model G2C, 9mm caliber pistol, serial #: TLN21147. Purchaser 2 stated to SA Ginley that he/she did not purchase a Taurus, model G2C, 9mm caliber pistol. Purchaser 2 stated to SA Ginley and TFO Chappell that he/she has never owned a Taurus G2C 9mm caliber semi-automatic pistol. Purchaser 2 stated he/she recalled **Capital City Firearms & Supply LLC, FFL** because he/she dealt with a **Capital City Firearms & Supply LLC, FFL** regarding a Bond Arms, .45 colt/410 caliber Derringer, serial #: 162519 that he/she purchased online and transferred through **Capital City Firearms & Supply LLC FFL**. Purchaser 2 stated that he/she purchased the Bond Arms Derringer in approximately 2017. Purchaser 2 also stated that he/she is still in possession of the Bond Arms Derringer. Purchaser 2 stated that the only firearm he/she had transferred through **Capital City Firearms & Supply LLC, FFL** was a Bond Arms Derringer.

30.     As referenced in this affidavit, paragraph 26, SA Ginley conducted ATF Trace#: T20190186419 in relation to **Capital City Firearms LLC, LLC FFL#:4-31-049-01-**

13

**1F-05284**, which resulted in a Taurus, model G2C, 9mm caliber pistol, serial #: TMA00216, time to crime: 24 days. Similar to the explanation above from paragraph 27, your affiant knows from training and experience that a 24 day time-to-crime period is a short amount of time and an indicator of firearm trafficking. The following timeline of the Taurus, model G2C, 9mm caliber pistol, serial #: TMA00216 is as follows;

a. Ship-To-Date: May 1, 2019 - From the Zanders Sporting Goods, FFL#:33717572) to FFL (**CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284**).

b. Purchase Date: May 3, 2018 - From the FFL (**CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**) to the Purchaser of ATF Trace#: T20190186419, (herein after referred to as Purchaser 3).

c. Recovery Date: May 27, 2019 - Recovered by Columbus Division of Police- CPD Rpt # 190425714, Possessor-Darius STOVELL, (DOB: 3/31/2000).

31. On or about December 17, 2019, SA Ginley and TFO Jerry Orick conducted a recorded interview of Purchaser 3 regarding the above described Taurus, model G2C, 9mm caliber pistol, serial #:TMA00216. Purchaser 3 stated to SA Ginley that he/she did not purchase a Taurus, model G2C, 9mm caliber pistol. Purchaser 3 stated to SA Ginley that he/she has never owned a Taurus 9mm handgun but that he/she did in fact recall **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**. Purchaser 3 stated that he/she recalls purchasing a rifle online from that was transferred through **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**.

32. ATF Investigators discovered that on September 24, 2019, **David L. BROWN** was arrested by Reynoldsburg Police Department (RPD) for Operating a Vehicle While Under the Influence (**OVI**) and Weapons While Intoxicated, RPD, Rpt 19REY-34215-

14

AR. During this incident a Smith & Wesson, model SD9VE, 9mm caliber pistol, serial #: FBD2303 was seized.

33. As referenced in this affidavit, paragraph 26, SA Ginley conducted ATF Trace#: T20190353097 in relation to **Capital City Firearms LLC, LLC FFL#:4-31-049-01-1F-05284,** which resulted in a Smith & Wesson, model SD9VE, 9mm caliber pistol, serial #: FBD2303, time to crime: 2 days. Similar to the explanation above from paragraph 27 your affiant knows from training and experience that a 2 day time-to-crime period is a short amount of time and an indicator of firearm trafficking. The following timeline of the Smith & Wesson, model SD9VE, 9mm caliber pistol, serial #: FBD2303 is as follows;

a. Ship-To-Date: September 13, 2019- From the Chattanooga Shooting Supplies, FFL#:16213642) to FFL (**CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284**).

b. Purchase Date: September 27, 2019- From the FFL (**CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**) to the Purchaser of ATF Trace#: T20190353097, (herein after referred to as Purchaser 4).

c. Recovery Date: September 24, 2019 – (the firearm was recovered before it was reported as purchased on September 27, 2019), Recovered by Reynoldsburg Police Department (RPD) - Rpt # 19REY34215-AR, Possessor-David BROWN, (DOB: 1/7/1985)-Same David L BROWN that is the FFL Licensee of **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284.**

34. The Smith & Wesson, model SD9VE, 9mm caliber pistol, serial #: FBD2303 has remained in RPD custody since the inception of this criminal incident on September 24, 2019 and could not have been sold/purchased on September 27, 2019. ATF Investigators discovered that subsequent to the arrest of **BROWN,** Reynoldsburg Police Department submitted the trace of the Smith & Wesson, model SD9VE, 9mm caliber pistol, serial #: FBD2303 and entered the recovery information date of the trace as September 27, 2019.

The correct date should have been the actual arrest date of September 24, 2019. ATF Investigators have reason to believe the date of September 27, 2019 to be significant as it appears BROWN utilized this wrong date when creating a documentation of the above firearm.

35. On or about December 18, 2019, SA Ginley conducted a telephonic interview of Purchaser 4 regarding the above described Smith & Wesson, model SD9VE, 9mm caliber semi-automatic pistol, serial#: FBD2303. Purchaser 4 stated that he/she recalls purchasing a rifle around the approximate time of September 27, 2019 from a purported FFL in Dayton, Ohio but that he/she never dealt with a David **BROWN** or **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** Purchaser 4 stated the transaction occurred through an individual named **Albert BRADFORD.** Purchaser 4 stated that he/she never purchased the Smith & Wesson, model SD9VE, 9mm caliber semi-automatic pistol, serial#: FBD2303. Purchaser 4 stated that he was introduced to **BRADFORD** by a friend (hereinafter referred to as confidential source or CS).

36. SA Ginley conducted a Criminal History check on **BRADFORD**. (FBI #: XH5A0M9TD), which revealed that he has arrests and the following felony conviction:

 a. In Hancock County Court of Common Pleas, Case No. 2017 CR 00140, with a Judgement Entry date of on or about February 16, 2018, Attempted Aggravated Possession of Drugs, Felony of the Fourth Degree.

37. The aforementioned convection prohibits **BRADFORD** from the possession of firearms.

38. On or about December 26th, 2019, SA Colin Ginley conducted a telephonic interview of the CS regarding the sale of the Smith & Wesson, model SD9VE, 9mm caliber semi-automatic pistol, serial#: FBD2303 by **BRADFORD** to Purchaser 4.

16

39. The CS stated to SA Ginley that he/she introduced Purchaser 4 to **BRADFORD** and that **BRADFORD** corresponded using the **TARGET CELLPHONE**.

40. The CS stated that he/she was not present with Purchaser 4 during the firearms purchase between **BRADFORD** and Purchaser 4.

41. The CS provided SA Ginley screenshots of correspondence that occurred with **BRADFORD** from the **TARGET CELLPHONE**.

42. The CS stated that he/she received multiple pictures of firearms from **BRADFORD** from the **TARGET CELLPHONE**. The received text messages from **BRADFORD** from the **TARGET CELLPHONE** indicated the selling of firearms.

43. The CS provided SA Ginley a screenshot of **BRADFORD**'s business card that he/she received directly from **BRADFORD** which listed the **TARGET CELLPHONE** for **BRADFORD**. More specifically, the CS provided SA Ginley a screenshot of **BRADFORD**'s business card that he/she received from **BRADFORD**. The information on the card was as follows;

   a. 5553 Chatford Dr Unit H, Columbus, OH 43232- 614-407-4942
   b. 2416 Wayne Ave, Dayton, OH, 45420-937-901-3980
   c. A&J Tax Services
   d. Albert **BRADFORD**-Owner-AJTaxLLC@gmail.com

44. The business card information contained addresses and phone numbers known to or related to **BRADFORD, BROWN** and **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284**.

45. As detailed above, the number of (614) 407-4942 is the same telephone number that SA Ginley confirmed as being the forwarding telephone number of **BROWN** and **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL#: 4-31-049-01-1F-05284** that forwards to the (614) 270-9557 telephone number.

46. On or about December 30, 2019, SA Ginley conducted a LLC inquiry on the Ohio Secretary of State LLC filings search for **BRADFORD** and/or A&J Tax Service, which resulted in negative results.

47. On or about December 13, 2019, ATF Investigators conducted a LLC inquiry on the Ohio Secretary of State LLC filings search for **CAPITAL CITY FIREARMS & SUPPLY LLC** and discovered an Entity#: 2380133, with an original filing date of February 26, 2015 and the following individual was listed as the Agent/Registrant/Incorporator;

    a.    **David L. BROWN**, 5551 Chatford Drive, Apt K, Columbus, Ohio 43232.

48. Investigators recognize that the address of 5551 Chatford Drive, Columbus Ohio, 43232 is a multiple apartment style building/structure and recognize that it has been utilized by **BROWN, BRADFORD** and/or **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL** resulting in various apartment numbers such as; Apt K (LLC), Apt F(FFL/FLS), and Apt H (A& J Tax Services). Investigators believe this is not a coincidence but a purposeful methodology by the above parties to obscure each entity from the **TARGET OFFENSES** and activity.

49. Investigators have contacted four listed purchasers of recovered crime guns sold by **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**. All four purchasers have denied purchasing the recovered crime guns. All of the purchasers interviewed stated they have purchased firearms from either **BROWN** or **BRADFORD** but not the actual recovered crime guns. All four purchases were sold under the **CAPITAL CITY FIREARMS & SUPPLY LLC, FFL**.

50.  ATF Investigators believe that the data sought will provide clarity regarding a residence for **BRADFORD** and assist investigators with his whereabouts.

51.  In addition to the above information indicating that **BRADFORD**, utilized the **TARGET CELLPHONE**, regarding illegal firearms trafficking activities, your affiant knows through training, experience, and conversations with other law enforcement officers that individuals engaged in a conspiracy will use their telephone to communicate with each other. In addition, cellular telephones are commonly in the physical possession of owners which would yield information as to where **BRADFORD** is purchasing illegal firearms, selling firearms illegally, or other actions in furtherance of the conspiracy. The information sought in this warrant will further establish the patterns of those involved in the conspiracy.

## E-911 PHASE II DATA AND CELL SITE DATA

52. In my training and experience, I have learned that Cellco Partnership DBA Verizon Wireless is a company that provides cellular telephone access to the public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector record.

53. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.

54. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., 120-degree face of the tower) to which the telephone is connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

55. Based on my training and experience, I know that Cellco Partnership DBA Verizon Wireless can collect E-911 Phase II data about the location of the **TARGET CELLPHONE** by initiating a signal to determine the location of the **TARGET CELLPHONE** on T-Mobile USA's network or with such other reference points as may be reasonably available.

56. Based on my training and experience, I know that Cellco Partnership DBA Verizon Wireless can collect cell-site data about the **TARGET CELLPHONE**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Cellco Partnership DBA Verizon Wireless typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

57. The above-identified kinds of information—E-911 Phase II data, also known as GPS data or latitude-longitude data, and cell-site data, also known as "tower/face information" or cell tower/sector records—are most imperative in this investigation. Due to the difficulty in conducting surveillance operations on individuals associated with the illegal firearms trafficking activity, including **BRADFORD**, your affiant believes the GPS data and cell site data is vital to the investigation. The ability to locate the **TARGET CELLPHONE** and possible associates while conducting his criminal activity is crucial to obtaining evidence for prosecution and executing an arrest.

## AUTHORIZATION REQUEST

58. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c), authorizing the acquisition of the information described in Attachment B for a period of thirty days.

59. It is further requested, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize notice to be delayed for a period of thirty days after the termination of the monitoring period authorized by the warrant. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **TARGET CELLPHONE** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the

21

warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

60. I further request that the Court direct Cellco Partnership DBA Verizon Wireless to disclose to the government any other information described in Attachment B that is within its possession, custody, or control.

61. It is further requested that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET CELLPHONE** outside of daytime hours.

62. It is further requested that the warrant, the Court's Order, and this affidavit be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Moreover, sealing the above documents will avoid premature disclosure of the investigation and better ensure the safety of agents and others. Accordingly, there is good cause to seal these documents.


_____

Colin J. Ginley
Special Agent, ATF

Sworn to and subscribed before me this _____9_____ day of January 2020 in Columbus, Ohio.

_____

Honorable Chelsey M. Vascura
United States Magistrate Judge
Southern District of Ohio

## ATTACHMENT A

### Property to be Searched

1.      The cellular telephone being used by the target **Albert BRADFORD (TARGET CELLPHONE)**, more particularly described as the cellular telephone assigned call number **(937) 901-3980**, with service provided by Cellco Partnership DBA Verizon Wireless, a company headquartered at at 180 Washington Valley Road, Bedminster, New Jersey 07921.

2.      Information about the location of the **TARGET CELLPHONE**, described in Attachment B, is within the possession, custody and control of Cellco Partnership DBA Verizon Wireless.

## ATTACHMENT B

### Particular Things to be Seized

I.    **Information to be Disclosed by the Provider**

    **A. Location Information to be Disclosed by the Provider**

All information about the location of the **TARGET CELLPHONE** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **TARGET CELLPHONE**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Cellco Partnership DBA Verizon Wireless is required to disclose the Location Information to the government. In addition, Cellco Partnership DBA Verizon Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Cellco Partnership DBA Verizon Wireless services, including by initiating a signal to determine the location of the **TARGET CELLPHONE** on Cellco Partnership DBA Verizon Wireless's wireless network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Cellco Partnership DBA Verizon Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18

24

U.S.C. § 3103a (b)(2).

### B. Additional Records and Other Information to Be Disclosed by the Provider

Cellco Partnership DBA Verizon Wireless is required to disclose the following records and other information, if available, to the United States for the **TARGET CELL PHONE**, for the time period January 1, 2017, through current date of this document:

a. The following information about the customers or subscribers of the Account:

  1. Names (including subscriber names, user names, and screen names);

  2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  3. Local and long distance telephone connection records;

  4. Length of service (including start date) and types of service utilized;

  5. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

  6. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

  7. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to the Account, from the dates of July 1, 2019 to current including:

  1. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

  2. All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

## II. Information to be Seized by the Government

All information described above in Sections I.A and I.B above that constitutes evidence of violations of Title 18, United States Code, Section 371, Conspiracy; and Section 922(a)(1)(A), Dealing in Firearms Without a License, Title 18, United States Code, Section 922(g)(1) felon in possession of a firearm involving **Albert BRADFORD**, as well as other known and unknown co-conspirators.